JOHN MONROE, PLAINTIFF IN ERROR, V. THE STATE OF
NEBRASKA, DEFENDANT IN ERROR.

Practice in Supreme Court: ASSIGNMENTS OF ERROR. Where
the only error assigned is that the verdict is not sustained by
sufficient evidence, it will not be set aside unless it is clearly
wrong.

ERROR to the district court for Burt county.

*M. Ballard*, for plaintiff in error.

*The Attorney General*, for defendant in error.

MAXWELL, CH. J.

The plaintiff in error was convicted of the crime of
robbery, at the November, 1879, term of the district
court of Burt county, and was sentenced to imprison-
ment in the penitentiary.   He now prosecutes a writ
of error to this court.

The only error relied upon on the hearing of the
cause was that the verdict was not sustained by the
evidence.   It appears from the bill of exceptions that
about the first of November, 1879, one John Teeters
stopped for the night at the house of one Walbridge,
in the town of Tekamah.   It also appears that he was
somewhat intoxicated, and, on retiring for the night,
did not remove his pantaloons, and that he had in one
of the pockets of the same his pocket-book, containing
about $100.   That during the night his room was en-
tered by the plaintiff in error and others, and he was
assaulted and his money taken from him.  Without
attempting to give a synopsis of the evidence, it is
sufficient to say that we have carefully read the entire
testimony, and, in our opinion, it fully establishes the
plaintiff in error's guilt.   The rule is well established

in this court that where a verdict is clearly wrong it will be set aside, but where there is only doubt of its correctness it will not be disturbed. *Seymour v. Street*, 5 Neb., 85. *A. & N. R. R. Co. v. Washburn*, id., 117. *Young v. Hibbs*, id., 433. *Storms v. Eaton*, id., 453. *A. & N. R. R. Co., v. Jones*, 9 id., 67.

There being no error in the record, the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.